*A. Stephen 1257*
*2/2/17 11:34am*

# SUPERIOR COURT OF WASHINGTON
# IN AND FOR CLARK COUNTY

|  |  |
|---|---|
| BRANDY CIAPANNO | Case No.: |
| | SUMMONS |
| vs. | |
| COMCAST CORPORATION and STELLAR RECOVERY, INC., | |

A lawsuit has been started against you in the above-entitled Court by the above named Plaintiff(s). Plaintiff's claim is stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the undersigned attorney for the Plaintiff within 20 days after the service of this Summons, excluding the day of service, if served within the State of Washington (or within 60 days after service of this Summons, if served outside the State of Washington), or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what he asks for because you have not responded. If you serve a notice of appearance on the undersigned attorney, you are entitled to notice before a default judgment may be entered.

Summons                               Page 1 of 2                          Reznik Law Firm, PLLC
                                                                           30 Wall St., 8th Floor #741
                                                                           New York, NY 10005
                                                                           212-537-9277

1    You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the

2 demand must be in writing and must be served upon the Plaintiff. Within fourteen (14) days

3 after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on

4 you of this Summons and Complaint will be void.

5    If you wish to seek the advice of an attorney in this matter, you should do so promptly so

6 that your written response, if any, may be served on time.

7    This Summons is issued pursuant to Rule 4 of the Civil Rules of the State of Washington.

8

9 Dated: 1.18.2017

10

11 Jonathan Baner, WSBA #43612

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26 Summons                          Page 2 of 2                  Reznik Law Firm, PLLC
                                                                30 Wall St., 8th Floor #741
                                                                New York, NY 10005
                                                                212-537-9277

## SUPERIOR COURT OF WASHINGTON
## COUNTY OF CLARK

**BRANDY CIAPANNO**                                    Case No.

         Plaintiff,

  vs.                                             **COMPLAINT**

**COMCAST CORPORATION and**
**STELLAR RECOVERY, INC.**

        Defendant(s).

COMES NOW the plaintiff by and through his attorney of record, and hereby files this

complaint and alleges as follows:

### I. INTRODUCTION

1.   This is an action for breach of contract and violations of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA") and the Revised Code of

Washington § 19.86, which prohibit debt collectors from engaging in abusive, deceptive, and

unfair practices.

### II. JURISDICTION

2.   This Court has jurisdiction over all of the parties and over the subject matter of this

action. Plaintiff is a resident of Clark County, Washington.

### III. PARTIES

3.1  Plaintiff Brandy Ciapanno (hereinafter "Plaintiff") was, at all times relevant hereto, a

resident of Clark County, Washington.

3.2  Defendant Stellar Recovery, Inc.  is a law firm regularly engaged in the business of

collecting debts in this State with its principal place of business located at 1327 US Highway,

*COMPLAINT FOR DAMAGES*
– PAGE 1 OF 5

Jonathan Baner, Attorney
Reznik Law Firm, PLLC
30 Wall St., 8th Floor #741
New York, NY 10005
212-537-9276
Jonathan@rezniklawfirm.com

Suite 100, Kalispell, MT 59901 and is subject to all laws, statutes and regulations of the State of Washington.  The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

3.3  Defendant Comcast Corporation is located at 1701 John F Kennedy Blvd., Philadelphia, PA 19103 and is subject to all laws, statutes and regulations of the State of Washington.

## IV. FACTS

4.1  Defendant Stellar Recovery ("STELLAR") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Defendant Comcast Corporation. ("COMCAST").

4.2  The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

4.3  On or about August 25, 2016, Plaintiff and STELLAR, on behalf of COMCAST, entered into a settlement agreement on Plaintiff's COMCAST account ending in 5909. A copy of the settlement agreement is attached herein as Exhibit A.

4.4  Thus, STELLAR and COMCAST acknowledged in writing that they had agreed to a settlement with Plaintiff, in consideration of payments which Plaintiff would be required to make.

4.5 Pursuant to the terms of the settlement, Plaintiff was required to make one lump sum payment totaling $384.47 to settle and close her Comcast account.

4.6  Plaintiff, via her debt settlement company, National Debt Relief ("NDR"), timely made the requisite settlement payment.

*COMPLAINT FOR DAMAGES*
*– PAGE 2 OF 5*

Jonathan Baner, Attorney
Reznik Law Firm, PLLC
30 Wall St., 8th Floor #741
New York, NY 10005
212-537-9276
Jonathan@rezniklawfirm.com

4.7  However, Defendants never withdrew this electronic payment from Plaintiff's trust account. Although the funds were made available for Defendants, the payment was never withdrawn or processed, and therefore, reversed back into Plaintiff's trust account. A copy of the statement of Plaintiff's trust account during the relevant time period is attached herein as Exhibit B.

4.8  Thereafter, on October 13, 2016, NDR contacted STELLAR to resolve the payment discrepancy.  A STELLAR representative explained that the account was recalled by COMCAST.

4.9  On October 14, 2016, NDR contacted COMCAST and spoke to a representative named Shedine who advised that COMCAST would not be honoring the settlement agreement.

4.10 STELLAR's and COMCAST'S reneging on their settlement agreement with Plaintiff constitutes a breach of contract.

4.11 STELLAR's letter to Plaintiff confirming the settlement was also false, deceptive, and misleading, in violation of the FDCPA.

4.12 STELLAR knew or should have known that its actions violated the FDCPA. STELLAR could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

4.13 At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

*COMPLAINT FOR DAMAGES*
– PAGE 3 OF 5

Jonathan Baner, Attorney
Reznik Law Firm, PLLC
30 Wall St., 8th Floor #741
New York, NY 10005
212-537-9276
Jonathan@rezniklawfirm.com

4.14 At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

Each of these damages was proximately caused by the negligence of the Defendants.

The value and amount of each of these damages will be proven at trial.

## STATEMENT OF CLAIMS

1. First Statement of Claim.  Both Defendants are liable for damages to Plaintiff for breach of contract and for breach of the implied covenant of good faith and fair dealing.

2. Second Statement of Claim.  The above contacts between STELLAR and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.  FDCPA 15 U.S.C. § 1692e(10) prohibits any false, misleading, or deceptive representation or means in connection with the collection of a debt. STELLAR violated this provision by deceptively agreeing to a settlement with Plaintiff which it never intended to keep and/or intended to breach.

3. Third Statement of Claim.  As a result of the above violations of the FDCPA, Defendant STELLAR is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

WHEREFORE, PLAINTIFF PRAYS that judgment be entered against the Defendants for $12,500, and each of them, jointly and severally, as follows:

    (a) For general damages against both Defendants for breach of contract and breach of the implied covenant of good faith and fair dealing, in an amount to be proven at trial.

*COMPLAINT FOR DAMAGES*
– PAGE 4 OF 5

Jonathan Baner, Attorney
Reznik Law Firm, PLLC
30 Wall St., 8th Floor #741
New York, NY 10005
212-537-9276
Jonathan@rezniklawfirm.com

(b) That judgment be entered against Defendant STELLAR for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(c) That judgment be entered against Defendant STELLAR for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(d) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

(e) That judgment be entered against Defendant STELLAR for actual damages pursuant to the Revised Code of Washington § 19.86.093; and

(f) For such other and further relief as the court may deem just and equitable.

DATED this January 19, 2017

_____
Jonathan Baner, WSBA #43612
Attorney for Plaintiff,
Brandy Ciapanno

*COMPLAINT FOR DAMAGES*
– PAGE 5 OF 5

Jonathan Baner, Attorney
Reznik Law Firm, PLLC
30 Wall St., 8th Floor #741
New York, NY 10005
212-537-9276
Jonathan@rezniklawfirm.com

# EXHIBIT A

Stellar Recovery Inc
PO Box 48370
Jacksonville, FL 32247

Toll Free:

8/25/2016

Hours of Operation
Monday and Tuesday:        8am to 10pm ET
Wednesday and Thursday:    8am to 9pm ET
Friday:                    8am to 7pm ET

Brandy Ciapanno
11515 NE 49TH ST APT NN203
VANCOUVER, WA 986822142

| | |
|---|---|
| Original Creditor: | |
| Current Creditor: | COMCAST |
| Original Creditor Account Number: | 8778101013965909 |
| Our File #: | 19057058 |
| Settlement Amount: | $384.47 |

**PAY THIS AMOUNT**

Dear Brandy Ciapanno

Stellar Recovery Inc has agreed to settle in full the balance of $591.49 on the above referenced account for a payment of $384.47. Please remit $384.47 by 9/22/2016.

Once we have received payment that has been successfully processed this account will be considered settled in full. Please send payment in full to the address listed above. To discuss payment arrangements, please call 866.552.1377. To pay online visit www.paystellar.com.

Sincerely,
The Collections Department

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

ADDITIONAL INFORMATION REGARDING SETTLEMENTS:  If, after settlement, the amount forgiven is greater than $599.99, our client may be required by federal law (IRS 6050P) to report this amount and send you a Form 1099-C.

This communication is from a debt collector.  This is an attempt to collect a debt and any information obtained will be used for that purpose.

THE DATE OF THE LAST PAYMENT TO THE CREDITOR ON THE SUBJECT DEBT WAS MADE ON CustomerDLP.

# EXHIBIT B

Global Client Solutions LLC
4500 S 129th E AVE Suite 177

Tulsa, OK 74134

# Global Client Solutions LLC
**Account #: 6036335097105667**

RETURN SERVICE REQUESTED

October 31, 2016

Brandy Ciapanno
3100 SE 168th Ave Apt #91
Vancouver, WA 98683

## ACCOUNT ACTIVITY STATEMENT   (THIS IS NOT A BILL)

| DATE | DESCRIPTION | TYPE | AMOUNT | BALANCE |
|------|-------------|------|--------|---------|
| 09/22/2016 | Stellar Recovery Inc | Payment | -384.47 | 195.00 |
| 10/17/2016 | Reverse: Stellar Recovery Inc | Reversal | 384.47 | 385.97 |

Account Inquiries (800) 398-7191

**Correspondence Address-**
4500 S 129th E AVE Suite 177 Tulsa, OK 74134

**Payment Address-**
PO Box 690870 Tulsa, OK 74169-0870

If you have any questions or need assistance you may contact us at the phone number referenced above or by email, customersupport@globalclientsolutions.com.   Please note that the above account balance may not be the actual balance of your account due to pending transactions not yet processed.

Error Resolution Procedures: In case of errors or questions about transactions involving your Account, call or write customer service
no later than sixty days after the transaction in question has been reflected on your monthly statement.   Please provide the following information:

Your name and Account number.
Date and amount of the transaction.
Type of transaction and description of the suspected error.   Please explain as clearly as possible why you believe there is an error or why you need additional information.
Dollar amount of the suspected error.

If you provide this information orally, you may also be required to provide it in writing within ten business days.   You will be told of the results of the investigation of the suspected error within ten business days after you submit the information and any error will be promptly corrected.   However, if more time is required to investigate the suspected error, it may take up to an additional thirty days to complete the investigation.   If it is determined that there is no error, you will be provided with a written explanation within three business days of such determination; and you may ask for and receive copies of the documents used in making any such determination.